United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

STACY PENNING,
Plaintiff,
v.
BROOKDALE SENIOR LIVING INC.,
Defendant.

Case No. 26-cv-08257-PHK

**ORDER DENYING APPLICATION TO APPEAR PRO HAC VICE**

Re: Dkt. 9

Now before the Court is Attorney Hines's application for leave to appear pro hac vice in this lawsuit. [Dkt. 9]. Civil LR 7-11(a)(3) requires that the local co-counsel sponsoring a pro hac vice application must be an attorney "who maintains an office within the State of California". "The requirement to have local counsel is not a mere formality." *Greer v. Elec. Arts, Inc.*, 2012 WL 12919524, *1 n.2 (N.D. Cal. Feb. 14, 2012).

The sponsoring "local" attorney for this pro hac vice application (Attorney Rutner) is listed on the Court's docket as counsel of record for the defendant at an office in Fort Lauderdale, Florida. According to the California State Bar, Attorney Rutner is registered with the State Bar at that same office address in Fort Lauderdale, Florida. *See* https://apps.calbar.ca.gov/attorney/Licensee/Detail/344880. Attorney Rutner's firm website profile page confirms that she works in the Fort Lauderdale and Miami, Florida offices (and not in the San Francisco office of her law firm). *See* https://www.cozen.com/people/bios/rutner-erica. The Court takes judicial notice of the fact that Fort Lauderdale and Miami are not within the State of California. *In re Path Network, Inc.*, No. 23-mc-80148-PHK, 2023 WL 8115045, at *5 (N.D. Cal. Nov. 22, 2023) (citing Fed. R. Evid. 201(b)(2)) ("The court may judicially notice a fact that is not

United States District Court
Northern District of California

subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.”).

A lawyer who is officially counsel of record using her Fort Lauderdale, Florida address; who is registered with the State Bar of California at a Fort Lauderdale, Florida address; and whose own law firm’s website publicly states that she works and practices in offices in Florida is not “local” to this Court by any reasonable understanding of that term. *See KRBL Ltd. v. Overseas Food Distribution, LLC*, No. CV 16-2431 PA (GJSX), 2016 WL 3748660, at *5 (C.D. Cal. May 26, 2016) (denying multiple PHV applications under C.D. Cal. local rule which requires local counsel to maintain an office within that District, where proposed “local” counsel was actually located in San Diego, which is outside the Central District of California). Furthermore, a non-local attorney cannot serve as local co-counsel by merely designating an office located within this District as a “mail drop” or contact point, where they actually work outside California. *See O’Dea v. Conagra Foods, Inc.*, 2014 WL 11397890, at *1-2 (S.D. Cal. Jan. 30, 2014) (denying PHV application where non-local attorney attempted to designate a local office where he can be reached because “mere designation of a local office does not circumvent the requirement that local counsel ‘maintain[s] an office within this district.’”). While Attorney Rutner is a member of the bar of this Court, that alone is insufficient to qualify her as a local counsel who is qualified to sponsor yet another out-of-state attorney for PHV status.

Accordingly, in the full exercise of the Court’s discretion, Attorney Hines’s application to appear PHV is **DENIED WITHOUT PREJUDICE** to filing a corrected application to appear PHV which corrects the issues discussed herein (and in that regard, the Court notes that Attorney Hines’s law firm website lists fifteen lawyers located in San Francisco). *See United States v. Ries*, 100 F.3d 1469, 1471-72, 1474 (9th Cir. 1996) (affirming denial of pro hac vice application where, among other reasons, the proposed local co-counsel was located “almost 500 miles away” and therefore “doesn’t fit the definition of a local attorney under our local rules with whom the Court and opposing counsel can readily communicate and upon whom papers can be served.”).

Further, the Court **ORDERS** Attorney Rutner to serve a copy of this Order on the Managing Partners of each of her law firm’s West Coast offices, on the Partners who lead the litigation practice

groups in her firm's West Coast offices, and on her law firm's Association General Counsel for Professional Responsibility who (according to her law firm's website) sits in her law firm's San Francisco office.

**IT IS SO ORDERED.**

Dated: August 28, 2026

PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California